UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JIMMIE WALKER, | ) |
| --- | --- |
| Petitioner, | ) |
| vs. | ) Case No: 4:14CV232 HEA |
| TERRY RUSSELL, | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. #1] on February 7, 2014. On March 6, 2014, Petitioner filed an AMENDED/REDACTED PETITION [Doc. #5]. On April 24, 2014, this court granted Defendant's Motion for Extension of Time to file Response/Reply. On May 23, 2014 Defendant filed a Response To Order To Show Cause Why a Writ of Habeas Corpus Should Not be Granted [Doc. #11]. The matter is now fully briefed. For the reasons set forth below, the Petition Under 28 U. S. C. § 2254 For Writ of Habeas Corpus by a Person in State Custody is denied.

Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court has determined that there are no issues asserted that give rise to an evidentiary hearing and therefore one is not warranted.

## Procedural Background

Petitioner was charged in the Circuit Court of Franklin County, Missouri with one count of Forcible Rape and one count of Statutory Rape. A jury found him guilty of both offenses. Petitioner took a timely appeal to the Missouri Court of Appeals, Eastern District. The Missouri Court of Appeals affirmed his convictions on direct appeal.

Thereafter, Petitioner timely filed a *pro se* post-conviction motion. No amended motion was filed however a statement *in lieu* of the amended motion was filed. The Circuit Court of Franklin County denied the motion for post-conviction relief. A timely appeal was taken on the denial of the motion to the Missouri Court of Appeals, Eastern District. The Missouri Court of Appeals affirmed the denial of the post-conviction motion.

Petitioner raised seven grounds for relief in his Missouri Rule 29.15 motion for post-conviction relief: 1) trial counsel was ineffective for not following up on information provided by Walker as to potential witnesses; 2) trial counsel should have called L.M.A. as an alibi witness; 3) trial counsel should have had a psychologist conduct an examination of C.A.; 4) trial counsel should have objected to the prosecutor allowing the jury to believe that Connilee Boehne was an expert witness; 5) the trial court erred in overruling an objection to Davis Stansfield's proposed expert testimony; 6) trial counsel should have asked about pre-trial

publicity during voir dire; 7) trial counsel should have introduced the SAFE Exam and C.A.'s deposition into evidence. Petitioner only raised one claim on appeal of the adverse post-conviction ruling – that trial counsel was ineffective for failing to call L.M.A. as an alibi witness.

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

A state court decision must be left undisturbed unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or the decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003).

A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or it decides a case differently than the United States Supreme Court did on materially indistinguishable facts. *Id*. A decision may only be overturned, as an unreasonable application of clearly established United States Supreme Court precedent, if the decision is both wrong and an objectively

unreasonable interpretation or application of United States Supreme Court precedent. *Id*. A federal habeas court may not disturb an objectively reasonable state court decision on a question of federal law even if the decision is, in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas court would have decided the case differently on a clean slate. *Id*. State court factual determinations are presumed to be correct and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## Procedural Default

A petitioner must first properly exhaust state remedies before presenting a claim in a federal habeas petition. 28 U.S.C. § 2254(b). In order to exhaust state remedies, an offender must fairly present the "substance" of the claim to the state courts. *Anderson v. Harless,* 459 U.S. 4, 6 (1982). It is elementary that the offender's federal court claim must assert the same factual and legal basis as the state court claim. *Flieger v. Delo,* 16 F.3d 878, 885 (8th Cir. 1996); *see also King v. Kemna,* 266 F.3d 816, 821 (8th Cir. banc 2001). Proper presentation of the claim requires the offender to raise the claim on direct appeal or in state post-conviction proceedings, including on post-conviction appeal. *Flieger,* 16 F.3d at 885; *see also Abdi v. Hatch,* 450 F.3d 334, 338 (8th Cir. 2006); *Osborne v. Purkett,* 411 F.3d 911, 919 (8th Cir. 2005); *Lowe-Bey v. Groose,* 28 F.3d 816, 818 (8th Cir. 1994).

Where a petitioner has not properly exhausted state remedies on a claim and the time for doing so has expired, he has technically exhausted that claim, but he has also procedurally defaulted that claim. *Welch v. Lund,* 616 F.3d 756, 758, 760 (8th Cir. 2010). In this situation, the federal court should not review the claim unless the petitioner can show "cause and prejudice" excusing that procedural default. *Id.* at 760.

## Discussion

Petitioner asserts eleven grounds for relief. There are four numbered (1-4) grounds and seven lettered (A-G) grounds from his state post-conviction motion. He only presented one claim to the Missouri courts – trial counsel should have called L.M.A. as an alibi witness. As to this claim the state courts reasonably concluded trial counsel appropriately did not call L.M.A. to avoid opening the door to evidence that Petitioner had sexually abused L.M.A.'s sister and that the failure to call L.M.A. did not prejudice Walker.

In reviewing the claims set forth by Petitioner the court observes that three of his claims assert trial court error (Ground One, Ground Two, and Post-Conviction Claim E). These claims were not raised in the state courts actions. The claims are defaulted and he may not allege "cause" excusing that default based on ineffective assistance of appellate counsel if he did not assert a claim of ineffective assistance of appellate counsel in state court nor has cause to excuse the default of

the ineffective assistance of counsel claim. *Edwards v. Carpenter,* 529 U.S. 446, 450-54 (1999); *see also Fields v. Roper,* 448 F.Supp.2d 1113, 1117 (E.D. Mo. 2006). Petitioner did not assert any claim related to Ground One or Ground Two in his post-conviction motion, and only asserted trial court error – not ineffective assistance of appellate counsel – for Post-Conviction Claim E. He is required to show cause for the failure to assert ineffective assistance of appellate counsel on these three claims in his post-conviction motion.

Even though Petitioner did assert Post-Conviction Claims A, C, D, E, F, and G in his post-conviction motion and Ground Three duplicates Post-Conviction Claim G, he, to his great disadvantage and dismay, failed to raise any of these claims on post-conviction appeal.

*Martinez v. Ryan,* 132 S. Ct. 1309 (2012) is perhaps the benchmark on this issue. There, the United States Supreme Court recognized that ineffective assistance of post-conviction motion counsel could qualify as cause excusing the failure to raise a claim in the post-conviction motion. It is incumbent upon petitioner to show that initial post-conviction counsel was ineffective in failing to raise a substantial claim of ineffective assistance by trial counsel. *Id.* at 1318-19. Failure of initial post-conviction counsel to raise a claim of ineffective assistance of direct appeal counsel is not cause permitting that type of claim to be raised in federal court. *Hodges v. Carlson,* 727 F.3d 517, 531 (6th Cir. 2013); *Banks v.*

*Workman,* 692 F.3d 1133, 1147-48 (10th Cir. 2012). He is, therefore, foreclosed from raising these claims now.

Ground Four, on its face is insubstantial. Motion counsel was not, therefore, ineffective for not including Ground Four in the post-conviction motion.

**POST-CONVICTION CLAIM B**

Walker alleges that trial counsel should have called L.M.A. to provide testimony about how long C.A. was with Walker after leaving L.M.A.'s home. The motion court found that trial counsel reasonably opted against calling L.M.A. to avoid opening the door to evidence that Walker had abused L.M.A.'s sister. Respondent's Exhibit G, page 60.

The Missouri Court of Appeals found that the proposed testimony from L.M.A. would not have provided an actual alibi. The motion court and the Missouri Court of Appeals correctly stated the standard under established federal law governing claims of ineffective assistance of counsel – that the inmate must prove both incompetence on the part of counsel and prejudice (a reasonable probability of a different result) from that incompetence. The issue is whether the state courts unreasonably applied that standard or unreasonably determined the facts.

Petitioner alleged in his post-conviction motion that L.M.A. could have testified as to how much time passed between when he and C.A. left L.M.A.'s

residence and when they returned. Respondent's Exhibit G, page 16. However, he did not allege how long this time actually was. Respondent's Exhibit G, pages 16-18. He merely alleged that, regardless of how long this time actually was, it would not be long enough for him to have committed the rape because that would have taken "a lot of time." Respondent's Exhibit G, page 16. He also alleged that L.M.A. could have testified as to the relatives who actually came to L.M.A.'s residence that day, which allegedly would have been inconsistent with C.A.'s memory. Respondent's Exhibit G, page 17.

The Missouri Court of Appeals, Eastern District, reasonably found that the proposed testimony would merely verify that Petitioner took C.A. to go shopping that day and that L.M.A. could not testify as to where Walker took C.A. or how long he was at a particular location. Respondent's Exhibit J, page 4. The Petitioner did not allege what specific testimony he expected from L.M.A., but rather alleged the legal conclusion of, whatever L.M.A. said, it would be inconsistent with C.A.'s testimony.

The Missouri Court of Appeals reasonably concluded that Petitioner's allegations were insufficient to demonstrate prejudice. As an additional observation, the motion court reasonably found that competent trial counsel would have avoided calling L.M.A. (or any other member of Petitioner's family) to avoid

possibly opening the door to cross-examination about Walker's sexual abuse of B.W.B. Respondent's Exhibit G.

To reiterate, the appeal of the adverse post-conviction relief ruling did not include Grounds one through four, inclusive. The appeal also failed to include Post-Conviction Claims A, C, D, E, F, and G. As such these Grounds and Claims are not worthy of discussion. The court again notes that proper presentation of the claim requires the offender to raise the claim on direct appeal or in state post-conviction proceedings, including on post-conviction appeal. *Flieger,* 16 F.3d at 885; *see also Abdi v. Hatch,* 450 F.3d 334, 338 (8th Cir. 2006); *Osborne v. Purkett,* 411 F.3d 911, 919 (8th Cir. 2005); *Lowe-Bey v. Groose,* 28 F.3d 816, 818 (8th Cir. 1994). There is nothing in the record or allegations of Petitioner that establishes cause or excuse for the allowance of the review of the aforementioned Grounds and/or Claims.

## Conclusion

Having reviewed the record in its entirety, it is clear the Petitioner is not entitled to any relief. The state courts' rulings with respect to Petitioner's prayer for relief were neither contrary to, nor unreasonable applications of, clearly established federal law. Thus, the Petition for Writ of Habeas Corpus should be , and is, denied.

## Certificate of Appealability

When a district court issues an order under § 2254 adverse to the applicant it "must issue or deny a certificate of appealability." R. Governing Section 2254 Cases in the U.S. Dist. Cts., R. 11 "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*.; see also *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002). Petitioner's federal habeas petition is clearly time-barred under AEDPA, and no reasonable jurist could find this case is timely filed. See *Slack*, 529 U.S. at 484; *Khaimov*, 297 F.3d at 786. Hence, no certificate of appealability will be issued. Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, [Doc. # 1], is **DENIED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 28th day of March, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE